RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/6/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GONZALO GANDARA (#34956-177) | DOCKET NO. 14-CV-693, SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN CARVAJAL | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Gonzalo Gandara filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks his sentence of ten years of imprisonment for using a short-barreled shotgun during a crime of violence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

On March 7, 2006, the Government indicted Gandara and two co-defendants for car-jacking, using or carrying a firearm, and possessing an unregistered firearm. [3:09-cv-2296, N.D.Tex., Doc. #4] Gandara pled guilty to car-jacking and using or carrying a firearm and was sentenced to 38 months and 120 months, respectively, to run consecutively, for a total of 158 months. [Id.] Gandara appealed the sentence. On August 8, 2007, the Fifth Circuit remanded the case for a determination of whether Gandara

could show good cause or excusable neglect for filing his notice of appeal out of time. See U.S. v. Gandara, 2007 WL 4098095 (N.D.Tex. Nov. 16, 2007)(unreported). The district court determined that Gandara had failed to establish either good cause or excusable neglect for filing his notice of appeal out of time, and the case was returned to the Fifth Circuit. At the urging of the Government, the Fifth Circuit Court of Appeal addressed Gandara's appeal on its merits notwithstanding the late notice of appeal, and the conviction and sentence were affirmed on August 12, 2009. United States v. Gandara, 2009 WL 2474100 (5th Cir. Aug. 12, 2009).

Gandara filed a pro se motion to vacate under 28 U.S.C. §2255 on December 2, 2009, on the same grounds that he raised on direct appeal. Because the claims raised were rendered moot or denied on their merits by the Fifth Circuit, the §2255 motion was dismissed summarily.

***Law and Analysis***

A writ of habeas corpus filed under §2241 and a motion to vacate, set aside, or correct a sentence filed under §2255 are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. A section 2255 motion, by contrast,

"provides the primary means of collateral attack on a federal sentence." Relief under section 2255 is warranted for errors cognizable on collateral review that occurred "at or prior to sentencing." Pack, 218 F.3d at 451 (quoting Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)(internal citations omitted)). A section 2255 motion must be filed in the sentencing court. Id. A 2241 petition "that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d at 452.

Although "a section 2241 petition that seeks to challenge a federal sentence or conviction - thereby effectively acting as a section 2255 motion - may be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective," Pack v. Yusuff, 218 F.3d at 452, this "savings clause" applies only to a claim that (1) is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." Reyes-Requeno v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The Fifth Circuit has made clear that "§2241 is not a mere substitute for §2255 and . . . the inadequacy or inefficacy requirement is stringent." Id. at 901;

Pack, 218 F.3d at 452 (holding that the §2255 remedy may be found ineffective or inadequate only in extremely limited circumstances). Furthermore, the petitioner bears the burden of proving the inadequacy or ineffectiveness of a §2255 motion. Id.; Pack v. Yusff; 218 F.3d at 452. Neither a prior unsuccessful §2255 motion nor the inability to meet §2244(b)(3)'s second or successive motion requirement renders §2255 inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

In this case, Petitioner is not challenging the *manner* in which his sentence is being executed; rather, he is challenging *the length and legality* of the sentence imposed in the Northern District of Texas. Since he is collaterally attacking the sentence, Gandara's claim should be filed under Section 2255 unless he meets the savings clause requirements. Gandara has not alleged that the remedies under §2255 are inadequate or ineffective. At most, Gandara claims that the Supreme Court case of Alleyne v. U.S., --- U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), "made him aware that he had legitimate grounds for appeal." To the extent that Plaintiff intends to argue that Alleyne was a retroactively applicable Supreme Court decision that proves he was convicted for conduct that did not constitute a crime, his claim fails. The Fifth Circuit Court of Appeal addressed this argument in In re Kemper, 735 F.3d 211 (5th Cir. 2013), noting that, "In Alleyne, the Supreme Court held that any fact that increases a

defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt." See id., (citing Alleyne, 133 S.Ct. at 2163). "Alleyne is a direct criminal appeal, see Alleyne, 133 S.Ct. at 2155-56, and therefore did not involve a retroactive application of a rule on collateral review." Id. Moreover, the Fifth Circuit noted, the Supreme Court did not declare that Alleyne applies retroactively on collateral review. Id. Because Alleyne does not apply retroactively to cases on collateral review, Petitioner cannot meet the first prong of the Savings Clause of Section 2255.

Petitioner has not received permission from the United States Court of Appeals for the Fifth Circuit to file a successive §2255 motion. Even if he had, because Petitioner was sentenced in the Northern District of Texas, this Court is without jurisdiction to hear Petitioner's claims.

*Conclusion*

Therefore, for the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED for lack of jurisdiction.**

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or**

responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 5th day of June, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE